UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE LEWIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　Respondent. | Case No. 1:21-cv-01498-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

　　　　Petitioner Deandre Lewis, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). As more fully set forth herein, based on the facts and governing law, the undersigned recommends that the Petition be dismissed for failure to state a

cognizable claim.

## I. BACKGROUND

Petitioner acknowledges that his petition does not concern: a conviction; a sentence; parole, credits, prison discipline, or jail conditions. (Doc. No. 1 at 2). Instead, Petitioner cites to "28 U.S.C. § 2679(d)(2) FTCA Suit. Civil." (*Id.*). At ground one, Petitioner states he has not received his CARES Act government stimulus payment.[1] (*Id.* at 3). He also states that he requested his credit report from Experian and TransUnion, which revealed that his identity had been stolen. (*Id.*). He states he alerted Experian and TransUnion by letter about his alleged stolen identity and submitted a 14039 form, which is an identity theft affidavit, to the Department of the Treasury. (*Id.*). He states, "no one is helping me." (*Id.*). At ground two, Petitioner states the IRS is not helping him regarding his identity theft claim. (*Id.* at 4). Petitioner cites to 28 U.S.C. § 2679(d)(2)[2] and 31 U.S.C. § 3723(a)(1)[3] in support of his claims. But neither statute is relevant to the habeas claim, or arguably the claims Petitioner seeks to advance. Petitioner submits numerous attachments to his petition which demonstrate Petitioner has alerted various credit bureaus and government agencies about his alleged identity theft. (*Id.* at 16-62). Petitioner also attaches his tax return, ostensibly to demonstrate that he is eligible for the CARES Act stimulus payment. (*Id.* at 56-57).

## II. APPLICABLE LAW AND ANALYSIS

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). If a prisoner's claim "would necessarily demonstrate

---

[1] The CARES Act, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a tax credit for eligible individuals in response to the Covid-19 pandemic. The economic impact payment was deemed an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. *See Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 670 (N.D. Cal. 2020).

[2] The Federal Tort Claims Act is an exclusive remedy for torts committed by federal employees acting within the scope of their employment.

[3] The Small Claims Act provides for the head of an agency to settle a claim for not more that $1000 for damages or loss of privately owned property that is caused by the negligence of an officer employee of the United States Government.

the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," a habeas claim is not appropriate. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

Here, it is clear that relief on Petitioner's claims would not lead to his immediate or earlier release. Petitioner does not challenge his conviction or sentence. Rather, the gravamen of petition concerns the alleged fact that Petitioner has yet to receive a stimulus check and his identity has been stolen. This Court, sitting as a federal habeas court, has no jurisdiction over these claims—these claims are not cognizable on habeas review.

Further, the Court does not dispense legal advice. However, the Court notes that it appears Petitioner has taken many steps to alert the IRS and other agencies about his stimulus payment. For example, Petitioner filed a 2020 tax return (Doc. No. 1 at 56-57) in accordance with the IRS guidance to prisoners who have yet to receive their stimulus payments (*Id*. at 8-9). Petitioner has also taken multiple steps to alert various credit bureaus and government agencies about his alleged identity theft. (*See generally id*. at 26-62). If these steps prove unsuccessful, Petitioner may wish to seek other appropriate legal remedies.[4] However, Petitioner's claims are clearly not cognizable via a petition for writ of habeas corpus.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying

---

[4] It is not the Court's responsibility to identify a viable cause of action for petitioner. Nonetheless, the undersigned independently cannot discern a cause of action under 42 U.S.C. § 1983. Nor does the CARES Act provide for a private cause of action for non-receipt of funds.

1 constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

The petition (Doc. No. 1) be DISMISSED, and a certificate of appealability be denied.

Further, it is ORDERED:

This case be assigned to a district judge for the purposes of reviewing these findings and recommendations.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  October 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE